# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **COOSA NATION OF NORTH AMERICA (USA) ex rel. DR. MONIQUE Y. TATE a/k/a SAHANI UGIDAHLI or Principal Chieftess BLUE FEATHER, MICHAEL F. TATE a/k/a Pine Chief EAGLE EYES, and LAMAR PERRYMAN a/k/a CATE HONVNWV or Principal Chief RED MAN,** *individually and in their official capacities and on behalf of all others who are similarly situated as members and citizens of the Coosa Nation of North America (USA),* | **CIVIL ACTION NO. 5:18-cv-00467-TES** |
| *Plaintiffs,* | |
| v. | |
| **WELLS FARGO BANK N.A.; PHELAN HALLINAN DIAMOND & JONES LLLP; BUTTS COUNTY, GEORGIA; and the STATE OF GEORGIA,** | |
| *Defendants.* | |

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING DEFENDANT WELLS FARGO'S MOTION TO REMAND

This case is before the Court on Defendant's Motion to Proceed *in Forma Pauperis* [Doc. 2], Defendant's Motion for Temporary Injunction [Doc. 3] (which the Court construes as a motion for temporary restraining order), and Plaintiff's Motion to Remand [Doc. 5].

**FACTUAL BACKGROUND**

The procedural posture of this case is somewhat confusing, given the captions Defendants have placed on their pleadings and the state-court proceedings that preceded this action. From what the Court can decipher (after considerable effort), Wells Fargo Bank, N.A. ("Wells Fargo") sought and obtained a writ of possession against Defendants "Monique Y. Tate, Michael F. Tate, and all others residing at 124 Sauders St., Flovilla, Georgia 30216" in the Magistrate Court of Butts County, Georgia on September 25, 2018. [Doc. 1-2; Doc. 5-4]. Defendants appealed the magistrate court's judgment to the Superior Court of Butts County, Georgia, and the superior court affirmed the judgment on December 20, 2018. [Doc. 1-2]. In doing so, the superior court explained, "Following the Defendants' appeal, Plaintiff moved for summary judgment on its claim for a writ of possession. The Court noticed the parties for a hearing on December 19, 2018. Counsel for Plaintiff appeared. Defendants did not." [*Id.* at p. 2]. Defendants were ordered to vacate the premises at 124 Saunders St. (the "Premises") immediately upon entry of the superior court's order. There is no evidence that the Defendants appealed the superior court's decision to the Georgia Court of Appeals.

On December 26, 2018, six days after the superior court entered its order, Defendants "removed" the case to this Court. [Doc. 1]. The caption of the removed case lists "Coosa Nation of North America (USA)," who is removing this case on behalf of the original defendants, and "Lamar Perryman (Officially known as Cate Honvnwv or

2

Principal Chief Red Man)," neither of whom were parties to the original action. [*Id.*]. All of these parties are collectively referred to as "Defendants/Counter-Plaintiffs." [*Id.*]. The caption also includes Phelan Hallinan Diamond & Jones, LLLP; Butts County, Georgia; and the State of Georgia as "Plaintiffs/Counter-Defendants" alongside Wells Fargo. [*Id.*]. Aside from Wells Fargo, none of these "Plaintiffs/Counter-Defendants" were parties to the original action.[1] In their Notice of Removal, the "Defendants/Counter-Plaintiffs" contend that Wells Fargo engaged in predatory lending, mortgage fraud, and insurance fraud, and essentially took payments from Monique Y. Tate but later told her the payments could not be accounted for. *See generally* [Doc. 1].

The "Defendants/Counter-Plaintiffs" now move to proceed *in forma pauperis* ("IFP") and move for a temporary restraining order to presumably stay their eviction from the Premises. Wells Fargo also moves to remand this case for lack of subject-matter jurisdiction.

## **DISCUSSION**

### A. **Defendant's Motion to Proceed IFP**

As a preliminary matter, the Court should deny Defendant Coosa Nation's motion to proceed IFP because IFP status may only be conferred upon natural persons—not entities, corporations, or other associations. *See Rowland v. California Men's Colony*, 506

---

[1] The Court makes no determination at this time as to whether Coosa Nation, Lamar Perryman, Phelan Hallinan Diamond & Jones LLLP, Butts County, and/or the State of Georgia are proper parties to this action.

U.S. 194, 196 (1993). Defendants describe Coosa Nation of North America, which is bringing this removal action on behalf of the individual Defendants, as a headquartered entity that "gives free, charitable, & pro bono services to Native American Aborigines members-citizens and in our community in the capacity of care-coordination, civil-human-legal advocacy, counseling, therapeutic education, etc." [Doc. 2, p. 1]. Based on this description, Coosa Nation appears to be a business entity rather than a natural person, and is therefore not entitled to IFP status. Nevertheless, the Court **GRANTS** Defendant's motion to proceed IFP for the sole purpose of determining whether this case is removable. *Cf. FPA5 Century Peachtree LLC v. Trucking*, No. 1:17-CV-4434-WSD-JSA, 2017 WL 8217520, at *1 (N.D. Ga. Nov. 8, 2017), *recommendation adopted by* 2017 WL 8219147 (N.D. Ga. Dec. 5, 2017).

B.  **Plaintiff's Motion to Remand**

Wells Fargo argues, *inter alia*, that this case is not removable because the Court lacks subject-matter jurisdiction over it. If a district court determines at any time that it lacks jurisdiction over an action removed from state court, it must remand the action. 28 U.S.C. § 1447(c). Pretermitting whether this action presents a federal question or whether it is brought on the basis of diversity jurisdiction, the Court cannot consider it because there is no pending controversy to be resolved. The removal statute allows defendants to remove any action brought in state court "to the district court of the United States for the district and division embracing the place where such action is *pending*." 28 U.S.C. §

1441(a) (emphasis added). However, when the underlying case that the defendant seeks to remove is closed (i.e. the state court reached a final judgment), the Court lacks jurisdiction on removal "because if a case is closed, 'no case or controversy exists.'" *Family-Pittsburgh Phase I, LP v. Harrison*, No. 1:18-CV-01534-TWT-JFK, 2018 WL 2224817, at *2 (N.D. Ga. Apr. 16, 2018) (quoting *US Bank, N.A. v. Polanco*, No. 12-81264-Civ-Ryskamp/Hopkins, 2013 WL 12096360, at *1 (S.D. Fla. Apr. 24, 2013)), *recommendation adopted by* 2018 WL 2219441 (N.D. Ga. May 15, 2018); *see also Georgia Dep't of Human Res. ex rel. D.J. v. Jenkins*, No. CV 112-183, 2013 WL 326199, at *2 (S.D. Ga. Jan. 2, 2013) ("Logically, a closed case simply cannot be removed to federal court."), *recommendation adopted by* 2013 WL 325620 (S.D. Ga. Jan. 28, 2013).

The Superior Court of Butts County, Georgia issued its Final Order and Writ of Possession on December 20, 2018 and deemed the order a "final judgment" in favor of Wells Fargo. [Doc. 1-2]. Accordingly, there is nothing pending in state court for the "Defendants/Counter-Plaintiffs" to remove, and this Court lacks jurisdiction over this case.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Coosa Nation's Motion to Proceed in Forma Pauperis [Doc. 2]. However, given the Court's lack of jurisdiction over this case, the Court also **GRANTS** Wells Fargo's Motion to Remand [Doc. 5]. Plaintiff's Motion for Temporary Restraining Order [Doc. 3] is **TERMINATED as moot**. The Clerk

of Court is **DIRECTED** to forward a certified copy of this Order to the Superior Court of Butts County, Georgia (Civil Action No. SUV2018000323) and is **FURTHER DIRECTED** to close this case.

**SO ORDERED**, this 7th day of January, 2019.

<u>**S/ Tilman E. Self, III**</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**